**Robert D. LAVERN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00070–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 17, 2001.

Scott R. Courtney, Houston, for appellants.

Alan Curry, Houston, for appellees.

En Banc (Justices YATES, ANDERSON, FOWLER, EDELMAN, FROST, and Former Justice AMIDEI join this opinion. Senior Chief Justice MURPHY joined the dissenting opinion.)*

## MAJORITY OPINION
## ON REHEARING
## EN BANC

HUDSON, Justice.

The appellant, Robert Demond Lavern, was charged by indictment with aggravated assault on a public servant. He was convicted by a jury and sentenced to confinement in the state penitentiary for a term of twenty-four years. Appellant contends: (1) the evidence is legally and factually insufficient to support the verdict; (2) the trial court erred in failing to instruct the jury on the law of self-defense; and (3) the trial court erred in failing to charge the jury on the lesser included offense of aggravated assault. We affirm.

---

* Senior Chief Justice Paul C. Murphy and Former Justice Maurice Amidei sitting by assignment.

The record reflects that on February 4, 1998, Houston Police Officers Ralph Chaison and Vonda Higgins were engaged in an undercover narcotics investigation. Their goal was to purchase contraband without making an immediate arrest so as to infiltrate the neighborhood and first discover the identities of the local narcotics vendors. The officers drove a pickup truck to an apartment complex in southwest Houston. Leaving Higgins in the truck, Chaison approached two men who were standing inside the apartment fence. Waiving money in his hand, Chaison quickly negotiated the purchase of crack cocaine. Separated by a wrought iron fence, appellant handed the cocaine to Chaison in exchange for twenty dollars. As Chaison attempted to turn and walk away, appellant said, "Hey, put it in your mouth." Appellant repeated the demand and added, "If you're not the police, put it in your mouth." Chaison replied, "Don't put that jacket on me," and explained that the cocaine was for the girl in his truck. Appellant then said, "You're the law and I'm not afraid of the law."

As the two men stared at each other, appellant pulled up his jacket and reached for an automatic pistol in his waistband. Chaison testified that after twenty years of police experience, including four shootouts, he had no doubt that appellant was going to shoot him based upon his statements, actions, and demeanor. Officer Chaison then drew a concealed handgun as appellant was attempting to draw his own weapon. Because appellant's weapon became entangled in his clothing, Chaison was able to clear his weapon first. After appellant cleared his waistband, but before he was able to point the muzzle of his weapon at Chaison, Chaison opened fire, striking appellant in the leg. Appellant may also have fired, but Chaison was not hit. Appellant hobbled behind a parked car while Chaison retreated behind a small tree.

An extended gun battle then ensued with appellant firing two round bursts from beneath the automobile. To conserve ammunition, Chaison attempted to return one round for every two fired by appellant. Chaison yelled to the bystander standing near appellant that he was a police officer and ordered him to the ground. The bystander obeyed the command and remained on the ground throughout the shootout. Chaison identified himself to appellant at least three times as a police officer. Appellant, however, continued to fire in two round bursts.

During this time, Chaison also yelled to his partner, Officer Higgins, instructing her to call for additional police units. Shortly thereafter, when Higgins attempted to come to the aid of her partner, appellant shot her in the neck, paralyzing her for life. While Chaison turned his attention to Higgins, appellant retreated, limping across an open driveway. Chaison held his fire, purposely allowing appellant to escape so he could attend to Higgins.

### Sufficiency of the Evidence

Because Chaison was not in uniform and initially denied being a police officer, appellant contends in his first and second points of error that the evidence is both legally and factually insufficient to show he knew Chaison was a public servant.

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.

Crim.App.2000). We consider all of the evidence whether properly or improperly admitted. *Chambers v. State*, 805 S.W.2d 459, 460 (Tex.Crim.App.1991). Moreover, in determining legal sufficiency, we do not examine the fact finder's weighing of the evidence, but merely determine whether there is evidence supporting the verdict. *Clewis v. State*, 922 S.W.2d 126, 132 n. 10 (Tex.Crim.App.1996).

■ Here, the jury heard evidence that Chaison repeatedly announced to appellant that he was a police officer. Pursuant to his order, a companion standing near appellant got on the ground. Moreover, a resident of the apartment complex heard appellant telling Chaison he was "a cop." Accordingly, we find a rational jury could have found from this evidence that appellant knew Chaison was a police officer.

■ When reviewing claims of factual insufficiency, it is our duty to examine the jury's weighing of the evidence. *Id.* at 133, 134. In other words, we must view the evidence "without the prism of 'in the light most favorable to the prosecution'" and set aside the verdict if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* at 129. Thus, when reviewing factual sufficiency challenges, appellate courts must determine "whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000).

Here, the appellant did not testify or offer any evidence in his defense. Moreover, there is nothing in the State's evidence to suggest that the jury's verdict was clearly wrong and unjust. Accordingly, appellant's first and second points of error are overruled.

## Self–Defense Instruction

In his third point of error, appellant contends the trial court erred in overruling his request for an instruction on the law of self-defense. Appellant correctly maintains that the evidence shows Chaison was the first to both clear and fire his weapon. In fact, the record suggests that appellant was wounded before he ever fired his weapon. Thus, appellant claims he was entitled to a charge on self-defense.

■ A defendant is entitled to an instruction on any properly requested defensive issue raised by the evidence, regardless of whether the evidence is weak or strong, unimpeached or contradicted, or credible or not credible. *See Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App.1996). The issue before us, therefore, is whether the evidence, viewed in the light most favorable to appellant, is sufficient to raise the issue of self-defense. *See Preston v. State*, 756 S.W.2d 22, 24 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). While a non-testifying defendant may be entitled to a charge on self-defense, it is rare for the defense to be raised when the defendant fails to testify. *See Alaniz v. State*, 865 S.W.2d 529, 532 (Tex. App.—Corpus Christi 1993, no pet.).

Section 9.31 of the Texas Penal Code provides that a person is "justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of *unlawful* force." TEX.PEN.CODE ANN. § 9.31 (Vernon Supp.2000) (emphasis added). Thus, if there was no evidence suggesting appellant responded to, or believed he was responding to, the use of *unlawful* force, he was not entitled to an instruction on self-defense.

The uncontroverted evidence shows appellant *was the first person to display a weapon.* Moreover, the law provides that a person has the right to reasonably defend himself from apparent danger. *Hamel v. State,* 916 S.W.2d 491, 493 (Tex. Crim.App.1996). Chaison's apprehension that he was about to be shot was both reasonable and justified by the circumstances. Appellant had just committed a felony offense by selling him cocaine. Appellant at first suspected and then announced that Chaison was a police officer. Appellant articulated his disdain for the police and attempted to draw a handgun. While Chaison may have cleared his weapon before appellant, this simply shows Chaison was perhaps faster and more fortunate than appellant. Thus, Chaison's drawing of his own weapon was both a reasonable and *lawful* response to appellant's *unlawful* threat of deadly force.

Further, while Chaison may have fired first, he was not required to wait until appellant had begun firing before he could lawfully protect himself. *Burke v. State,* 652 S.W.2d 788, 790 (Tex.Crim.App.1983). It is undisputed that Chaison did not fire until appellant's weapon had cleared his waistband. Believing it was immediately necessary to protect himself from appellant's attempted use of unlawful deadly force, Chaison was entitled to respond with deadly force. Tex.Pen.Code Ann. § 9.32 (Vernon Supp.2000). Thus, while Chaison may have fired the first shot, he was completely within his rights to strike the first blow. *Sheppard v. State,* 545 S.W.2d 816, 819 (Tex.Crim.App.1977). Appellant, on the other hand, had no right of self-defense because he could not legally resist Chaison's use of lawful force. *Johnson v. State,* 715 S.W.2d 402, 407–08 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

Finally, while appellant may have been hit before he fired, the undisputed evidence shows that after both men had taken cover appellant continued firing, even *after* Chaison identified himself at least three times as a police officer and *after* he had yelled to his partner to summon other law enforcement units. Thus, even after appellant's position behind the automobile was relatively secure, he continued to employ deadly force against Chaison and Higgins. In fact, he never abandoned his use of deadly force until Higgins had been tragically wounded.

A defendant is not entitled to a charge on self-defense where there is no dispute that he provoked the other's use or attempted use of force. *See Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App. 1984). Accordingly, we hold the trial court did not err in refusing appellant's request for an instruction on the law of self-defense. Appellant's third point of error is overruled.

## Lesser–Included Offense

In his final point of error, appellant contends he was entitled to an instruction on the lesser-included offense of aggravated assault or "other lesser included offenses." A defendant is entitled to an instruction on a lesser-included offense where (1) the proof for the offense charged includes the proof necessary to establish the lesser-included offense and (2) there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. *See Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App. 1993).

While aggravated assault is within the proof necessary to establish aggravated assault upon a public servant, the record is wholly devoid of any evidence showing aggravated assault to be "a valid, rational alternative to the charged offense." *Arevalo v. State,* 943 S.W.2d 887,

889 (Tex.Crim.App.1997). To warrant an instruction on a lesser-included offense there must be some *evidence* in the record that the defendant is guilty only of the lesser-included offense. *Rousseau,* 855 S.W.2d at 673. In other words, the legal test in such cases is not whether an appellate justice can by clever imagination conceive of an alternative offense; rather, the standard by which we must be guided is whether the record contains some conflicting *evidence* which, if believed, would permit a rational jury to find the defendant guilty only of the lesser-included offense. *Id.*

■ Here, there is no conflict in the evidence. The record shows Officer Chaison initially attempted to pass himself off as a felonious narcotics buyer. Appellant suspected he was a police officer, accused him of being a police officer, and attempted to shoot him *because he was a police officer.* There is simply no other logical explanation for appellant's conduct.

If appellant had offered any evidence, however feeble, that he did not know Chaison was a police officer and did not hear him identify himself as a police officer, appellant would unquestionably have been entitled to a charge on aggravated assault because some *evidence* would then be found in the record to support the instruction. Appellant, however, offered no evidence. Moreover, the evidence offered by the State did not conflict on this issue. Thus, no valid, rational alternative to the charged offense was raised by the evidence. Accordingly, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.

WITTIG, Justice, dissenting.

We join the majority to the extent it *affirms on legal sufficiency.* We would, however, reverse and remand for the unwarranted refusal to submit to the jury the requested defensive instructions on self defense and the lesser included offense of assault.

## Lesser Included Offense

To be entitled to an instruction on the requested lesser included offense in this case there must have been some evidence permitting a jury to find appellant did not know complainant was a police officer. The State argues that because appellant himself told Chaison, "you're the law," there is not even a scintilla of evidence to suggest that appellant did not know Chaison was an officer. However, the record also reveals that Chaison specifically and purposefully led appellant to believe he was *not* a police officer. He came to the scene in an unmarked pickup, presented himself to appellant in plain clothes, bought illegal drugs, and emphatically denied several times to appellant he was a police officer. Though we do agree that appellant's statements are strong evidence that he did indeed know Chaison was an officer, we cannot ignore the evidence of Chaison's efforts to dissuade him of the notion. *See Jones v. State,* 984 S.W.2d 254, 257 (Tex. Crim.App.1998) (in determining whether defendant is entitled to lesser-included offense, it does not matter if the evidence was strong or weak, unimpeached or contradicted). This constitutes more than a scintilla of evidence that appellant did not know Chaison was an officer. *See Forest v. State,* 989 S.W.2d 365, 367 (Tex.Crim. App.1999). We note that when Chaison emphatically stated and reiterated he was not a police officer, that the mere words did not establish as a matter or law he was not a police officer. Equally true, appellant saying Chaison was police, did not establish by the mere words the mindset

of the 17–year–old appellant.[1] We believe the lesser assault issue is clearly raised; therefore, the trial court erred by not including the lesser included offense in the charge.

Because appellant properly objected to the absence of the lesser included offense in the charge, reversal is required if the error was calculated to injure the rights of the defendant. *See Hamel v. State*, 916 S.W.2d 491, 494 (Tex.Crim.App.1996); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984) If the jury were to believe that appellant did not know Chaison was an officer, he would have been guilty of only a second degree felony, punishable by two to twenty years. TEX.PEN.CODE ANN. § 12.33. He was convicted of a first degree felony punishable up to ninety-nine years, TEX.PEN.CODE ANN. § 12.32, and was assessed twenty-four years. Because of this, the failure to include the lesser included offense significantly affected appellant's chance of receiving a lighter sentence. We would thus conclude the trial court's error was calculated to injure appellant's rights and sustain this issue.

### Self–Defense

We agree with appellant that there was some evidence raising the issue of self-defense. The offense alleged in the indictment stated, in part, that appellant shot in the direction of complainant. During cross-examination, appellant elicited testimony from Chaison indicating that Chaison not only pulled his weapon first but also fired first. Appellant did not return fire until after he was shot by Chaison and had retreated behind a car. Thus, there is evidence in the record that the charged offense did not occur until after Chaison (still claiming not to be police) shot appellant in the leg and that appellant had fallen to the ground and retreated. In light of the requirement that we view the evidence from appellant's point of view at the time of the offense, we would hold the jury could find that appellant reasonably believed the force he used was immediately necessary to protect himself against the use or attempted use of unlawful force when he returned Chaison's fire. From appellant's point of view (or from the perspective of a disinterested bystander), there was evidence that appellant was protecting himself against the use or attempted use of deadly force or greater force than necessary. Chaison was attempting a drug buy, not an arrest, although sometime during the melee he states he recanted and yelled he was a policeman after all. Unfortunately, this was only after shots had been first fired and, contrary to the majority's apparent conclusion, it was not conclusively established that appellant even heard Chaison identify himself. In other words, the police played the role of drug buyers until so late in the episode that gunfire had already been initiated by the police.

The State argues that appellant was not entitled to a self-defense issue because, as a matter of law: (1) appellant provoked Chaison; (2) appellant was the aggressor; and (3) appellant could not have reasonably believed Chaison was using unlawful deadly force. *See* TEX.PEN.CODE ANN.

---

**1.** According to his mother at the punishment hearing, this 17–year–old youth had a ninth-grade education, was a patient at the Vernon State Hospital, and, at one time, had been pronounced brain-dead. This inarticulate minor's words "you are the law" are equally consistent as a rhetorical question. The youth could as well have intended or said "You are a liar!? Aren't you?" "You say you are not a cop, but you really are!?" The undercover agent responds: "Don't put that jacket on me!" The youth replies he isn't afraid of the law. While this street banter should be considered in a sufficiency review, it is hardly the basis to rule out defensive issues as a matter of law.

§ 9.31(b)(4). We disagree these points were conclusively established.

First, the State did not conclusively prove appellant provoked Chaison. The question of whether a defendant's acts were reasonably calculated to cause an attack by the victim so as to trigger the provocation doctrine is ordinarily a question of fact for the jury. *See Smith v. State*, 965 S.W.2d 509, 517 (Tex.Crim.App. 1998). The rule of law is that if the defendant provoked another to make an attack on him so that the defendant would have a pretext for killing the other under the guise of self-defense, the defendant forfeits his right of self-defense. *Id.* Here, appellant's intent to provoke Chaison was not established as a matter of law. The events giving rise to appellant's gunfire unfolded very rapidly out of an argument between two men whose paths had just crossed for the first time moments before. Appellant did not know Chaison from Adam, had not met or spoken until seconds before. Therefore, at best, there was a fact issue whether appellant had any premeditated intent to provoke Chaison into firing at him. Appellant's acts may have entitled the State to a charge on "provoking the difficulty" in response to defendant's self-defense issue, but it did not as a matter of law preclude the self-defense issue. The State's cases of *Coble v. State*, 871 S.W.2d 192 (Tex.Crim.App.1993), and *Dyson v. State*, 672 S.W.2d 460 (Tex.Crim.App.1984) are not in point. In both cases, the court of criminal appeals held self-defense was precluded as a matter of law because the undisputed evidence showed the defendants had a premeditated intent to kill or provoke confrontation with the victim. *See Coble*, 871 S.W.2d at 202; *Dyson*, 672 S.W.2d at 463–64. To all appearances this was a not a drug bust, but rather an ordinary drug buy. As discussed in the previous issue, there was evidence that appellant did not know Chaison was an officer because he portrayed himself as a drug buyer and user, not a law abiding citizen. Surely appellant would not have sold contraband to someone he knew was an officer. Further, when conducting the drug buy, Chaison testified unequivocally he only sought information, not an arrest. Chaison initiated the contact, the purchase, then continuously and vehemently denied he was a police officer.

There was also some evidence appellant was not the aggressor. As discussed, Chaison himself provided testimony that he fired at appellant first, wounded him, and that appellant did not return fire until after he had retreated behind the car. Thus, a reasonable jury could find that appellant was not the aggressor at the time he returned fire. For the same reasons, there was some evidence that, viewed from his perspective, appellant could have reasonably believed Chaison was using more force than necessary in the encounter. We therefore hold that there was some evidence to require a self-defense issue.

The majority reasons that there was insufficient evidence for a jury to conclude that the force being used against appellant was unlawful, thus he was not entitled to a self-defense charge. However, we note that the relevant consideration is not whether the force used against appellant was, in fact, lawful, but whether there was some evidence the appellant reasonably believed it was unlawful. *See Semaire v. State*, 612 S.W.2d 528, 530 (Tex.Crim.App. 1980) (question not whether there is any evidence that complainant's use of force unlawful; appellant entitled to self-defense instruction if any evidence he reasonably believed that complainant's use of force unlawful). Additionally, despite the requirement we view the evidence in the

light most favorable to the appellant, the majority opinion nonetheless goes on to analyze much of the evidence in a manner markedly inconsistent with this standard. For instance, the majority opinion views the evidence in the light most favorable to the State by incorrectly assuming, as a matter of law, that appellant heard Chaison identify himself as a police officer. It implicitly makes this conclusion even though Chaison admitted at trial that the gunfire was "so very loud" and the two men were separated by a significant distance after they both retreated. Unequivocally, the record reveals the police identification came after Chaison had fired at appellant and appellant returned fire which hence materially undermines the cogency of the majority's appraisal.[2]

We also note that the majority emphasizes the moment at which appellant initially revealed his weapon. However, the evidence viewed in the light most favorable to appellant would indicate that appellant did not fire his weapon, and thus did not commit the offense, until after he had been shot and had retreated behind the car. Even though we believe appellant was unjustified in initially showing his weapon, appellant was not necessarily barred as a matter of law from defending himself in light of the events subsequent to his showing his gun. While the appellant hardly presents a sympathetic figure,[3] in this context we are nonetheless mandated to view the evidence in the light most favorable to him. And if we do so by detached application of the required principles, we believe we have no choice but to conclude he was improperly denied a self-defense charge.

Because appellant properly objected to the absence of self-defense in the charge, reversal is required if the error was calculated to injure the rights of the defendant. *See Hamel v. State,* 916 S.W.2d 491, 494 (Tex.Crim.App.1996); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Appellant was positively implicated as the shooter at trial. Because of this, the failure to include self-defense foreclosed appellant's only chance of an acquittal. We would therefore hold the trial court's error was calculated to injure appellant's rights and sustain appellant's self-defense issue.

---

**2.** The majority takes as gospel the officer's subjective opinions—"no doubt that appellant was going to shoot"—in its assessment and contemporaneously resolutely refuses to consider facts and rational inferences that support the defensive issues. Were the tables turned and the officer put in appellant's position, would the majority say the undercover agent had no right to defend himself? We note that in the companion case of *State v. Lavern,* No. 14–99–00728–CR (Tex.App.— Houston [14th Dist.] ), appellant received the lesser-included offense and self defense instructions that were denied in this case.

**3.** Like the majority, we deplore the grievous and paralyzing injury sustained by Officer Higgins. Every day, hundreds of brave and dedicated officers and deputies risk their lives and limbs. These outstanding people fight crime on our behalf and ultimately to uphold the rule of law. The rule of law itself and therefore all of society suffers grievous injury when objective standards are not equally applied to society's lowest and meanest. *Cf.* Mt 25:40, 2Ki 18:24.