Affirmed and Memorandum Opinion filed August 30, 2005









Affirmed and Memorandum Opinion filed August 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00393-CR

____________

 

TERRANCE
CLAYTON LINDSEY, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________________________

 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 951,157

______________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant
Terrance Clayton Lindsey of murder, and the trial court sentenced him to sixty
years=
confinement in the Texas Department of Criminal Justice, Institutional Division
(ATDCJ-ID@).  Appellant argues in his sole issue on appeal
that the trial court erred in refusing to submit an instruction on self-defense
to the jury.  Finding no error in the
trial court=s decision, we affirm.








I.  Factual and Procedural Background

Savannah Monique Anderson and
Darrell Moore, the complainant in this case, shared a room at the Air Rest
Motel in Houston.  In June 2003, a friend
picked up Anderson at the motel and drove her to an abandoned building to meet
two other men, one of whom was appellant, Terrance Clayton Lindsey.  Appellant and Anderson smoked crack cocaine
together at the building, then returned to Anderson=s and
Moore=s motel
room so that appellant could purchase crack cocaine from Moore. 

While still intoxicated from the
cocaine they smoked earlier, appellant and Anderson entered the motel room to
make the purchase from Moore.  Anderson
moved into the bathroom to use the mirror while the transaction took
place.  From the bathroom, Anderson heard
appellant ask Moore for a Atwenty@Ca
twenty-dollar portion of crack cocaineCand,
after seeing the amount of cocaine Moore produced, disputed its size as being
less than twenty-dollars=
worth.  After Moore refused to refund
appellant=s twenty dollars, a struggle
ensued.  One of the men produced a
handgun during the struggle, and Moore was shot and killed.  Appellant fled the scene, but was later
arrested and charged with Moore=s murder.

A jury convicted appellant of
murder and, after appellant pleaded true to two enhancement paragraphs, the
trial court assessed punishment at sixty years=
confinement in the TDCJ-ID.

In a single issue, appellant
claims the trial court erred in refusing to instruct the jury on self-defense[1]
because the issue was raised by the evidence and properly requested by trial
counsel.  








II.  Discussion

A.        Standard of Review

Generally, a defendant is
entitled to a jury instruction on any properly requested defensive issue raised
by the evidence.  Lavern v. State,
48 S.W.3d 356, 360 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d) (en
banc).  This right exists regardless of
the source of the evidence, its strength, or whether the trial court finds it
credible.  Hamel v. State, 916
S.W.2d 491, 493 (Tex. Crim. App. 1996). 
The trial court commits no error in refusing to submit an instruction on
self-defense when the evidence fails to raise the issue.  See Kunkle v. State, 771 S.W.2d 435,
443B44 (Tex.
Crim. App. 1986).  

To raise the issue of self‑defense,
an accused typically must admit committing the offense and then offer self‑defense
as justification.  Ford v. State,
112 S.W.3d 788, 794 (Tex. App.CHouston
[14th Dist.] 2003, no pet.). 
Self-defense is rarely raised where, as here, the defendant does not testify.  Lavern, 48 S.W.3d at 360.  We review the evidence supporting a defensive
issue in the light most favorable to the defendant.  Pennington v. State, 54 S.W.3d 852,
856 (Tex. App.CFort Worth  2001, pet. ref=d).  

B.        Does the Evidence Raise the Issue of Self-Defense?

Appellant claims he was entitled
to a jury instruction on self-defense because it was clearly raised by the
evidence and because it was a Ahotly
contested@ Acore
issue@ from the
inception of the case.  Appellant also
argues his position is bolstered by several inconsistencies between the
statement Anderson initially gave to police and her trial testimony.   In response, the State argues the record
contains no evidence appellant reasonably believed deadly force was immediately
necessary to protect him from Moore=s use of
deadly force. 








Anderson, the only eyewitness to
the shooting, testified that after bringing appellant to the motel room, she
stood in the bathroom adjusting her hair. 
From there, she was able to see and hear portions of the drug
transaction.  Anderson testified that
appellant asked Moore for a Atwenty@ and
after the money and cocaine were exchanged, appellant argued with Moore over
the quantity of cocaine given him.  At
this point, Anderson heard appellant say, Agive me
everything@ to Moore, as if appellant were
robbing Moore.  Anderson then turned
around and saw appellant and Moore struggling over a handgun, but she did not
know which man produced the gun, or to whom it belonged.[2]  Anderson testified that Moore=s hand
was on appellant=s wrist,
while appellant held the gun and pointed it at Moore=s
head.  After approximately five seconds,
the gun fired, killing Moore.  Anderson
also stated that after Moore fell, she observed appellant perform a search of
Moore=s
clothing. 








Even viewing the evidence in the
light favoring appellant, we are unable to conclude the evidence raises the
issue of self-defense.  Appellant points
to no evidence, and the record reveals none, indicating that appellant=s actions
were in response to Moore=s threat
or use of force against him.  See
Smith v. State, 676 S.W.2d 584, 585 (Tex. Crim. App. 1984) (stating that in
order to justify the submission of a jury charge on self-defense, the record
must contain some evidence that the defendant was in some apprehension or fear
of being the recipient of the unlawful use of force from the complainant); Lavern,
48 S.W.3d at 360.  Rather, the evidence
indicates appellant was the aggressor. 
Anderson testified appellant ordered Moore to Agive
[appellant] everything,@
appellant held the gun, and appellant pointed it at Moore=s
head.  Although Anderson=s
testimony leaves open the possibility Moore=s gun was
used in the shooting, nothing in the record indicates that Moore originally
used the gun against appellant, thus precipitating appellant=s need to
defend himself.  We therefore conclude the
evidence fails to raise the issue of self-defense, and the trial court did not
err in refusing to submit an instruction to the jury.  Accordingly, we overrule appellant=s sole
issue and affirm the trial court=s
judgment.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed August 30, 2005.

Panel consists of Justices Edelman, Guzman, and Murphy.[3]

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  See Tex. Pen. Code Ann. '' 9.31(a), 9.32(a) (Vernon 2004).  





[2]  Anderson
testified that Moore possessed several weapons in the room, one of which was a
.22 caliber pistol.  She also stated she
was not aware whether appellant possessed a gun that morning.  





[3]  Senior Chief
Justice Paul C. Murphy sitting by assignment.