IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00406-CR

 

Douglas Harold Brookshire,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 278th District Court

Leon County, Texas

Trial Court No. CM-03-275A

 



MEMORANDUM  Opinion



 

Appellant Douglas Harold Brookshire
appeals his conviction of aggravated assault with a deadly weapon.  We will
affirm the judgment of the trial court.

Background

      On the evening of February 22, 2003, several
people gathered at the home of Rene Boles.  Leon Dale Grayson parked his truck
at his sister’s house, approximately fifty yards away, and walked to Boles’s
home.  Because Brookshire was acting inappropriately in front of the children
who were present, Linda Boles found Grayson outside and asked him to tell
Brookshire to leave the party.  Grayson testified that he walked into the
house, approached Brookshire, and asked him to leave.  As Grayson turned to
leave the room, Brookshire stabbed him in the back.

      David Wilkerson, one of the partygoers,
heard a woman scream and went to investigate.  He found Grayson injured in the
hallway and Brookshire with a knife in his hand.  He asked Brookshire for the
knife, which he handed to him.  Wilkerson testified that he then took the knife
home with him.  

      Sheriff’s deputies Jimmy Gifford and Mitch
Netterville responded to the emergency call and initiated an investigation. 
They recovered the knife—a lock blade knife with a three-inch single-edge blade—from
Wilkerson’s residence.  They also located Brookshire and took him into
custody.  Netterville testified, in response to defense counsel’s questioning,
that Brookshire declined to talk to officers except that, after being placed in
a jail cell, Brookshire stated that he acted in self defense because Grayson
had a gun.  In light of this statement, the investigating officers re-interviewed
the witnesses the following day.  No one saw Grayson with a gun.  Grayson
testified that he was not angry at Brookshire and only asked him to leave because
of Linda’s request.  He stated that although he had a gun in his truck, parked
50 yards from Boles’s home, he did not have a gun in his possession when he
approached Brookshire.

State’s Comment Regarding Failure to Testify

      In his first issue, Brookshire argues that
the trial court erred in overruling his motion for mistrial following the
prosecutor’s comment on Brookshire’s failure to testify.

      During the State’s questioning of Deputy Netterville,
the following exchange occurred:

STATE:           Did the defendant seated next to
his lawyer give you a                                   statement?

 

WITNESS:      No, sir, he did not.

 

STATE:           Did he write anything down?

 

WITNESS:      Not for me.

 

STATE:           Did he write down – anything down
anywhere in your                                   report?

 

WITNESS:      No, sir.

 

Brookshire then objected to these questions on the
basis that the State improperly commented on Brookshire’s failure to testify. 
The trial court sustained his objection and instructed the jury to disregard
the prosecutor’s comment on Brookshire’s failure to testify.  Brookshire moved
for a mistrial, which the court denied.

      When the trial court sustains an objection
and instructs the jury to disregard but denies a defendant's motion for a
mistrial, the issue is whether the trial court abused its discretion in denying
the mistrial.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).
 Asking an improper question will seldom require a mistrial because, in most
cases, any harm can be cured by an instruction to disregard.  Ladd v. State,
3 S.W.3d 547, 567 (Tex. Crim. App. 1999); Hernandez v. State, 805 S.W.2d
409, 413-14 (Tex. Crim. App. 1990).  In determining whether the trial court
abused its discretion in denying the mistrial, we balance three factors: (1)
the severity of the misconduct (prejudicial effect), (2) curative measures, and
(3) the certainty of conviction absent the misconduct.  Hawkins, 135
S.W.3d at 77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)
(op. on reh'g), cert. denied, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d
550 (1999).

      A comment on a defendant’s post-arrest
silence violates the rights of the accused under the Fifth Amendment of the
United States Constitution and article I, section 10 of the Texas
Constitution.  See Doyle v. Ohio, 426 U.S. 610, 618, 96 S.Ct. 2240,
2245, 49 L.Ed.2d 91 (1976); Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995).  We have applied the Mosley factors when constitutional
rights are implicated.  See Perez v. State, 187 S.W.3d 110, 112-13 (Tex. App.—Waco 2006, no pet.).

      Applying the Mosley factors, we
conclude that any prejudicial impact of the prosecutor's questions was not so
severe that it could not be cured by the immediate instruction from the trial
court.  The severity of the misconduct was attenuated by the fact that
essentially the same information was entered elsewhere without objection.  Lane
v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004).  Further, the jury
was presented with strong evidence of Brookshire’s guilt.  Under these
circumstances, we cannot say that the trial court erred in failing to grant a
mistrial.  Brookshire’s first issue is overruled.

Improper Jury Argument

      Brookshire’s
second issue argues that the trial court erred in denying his motion for
mistrial after the prosecutor improperly injected new and harmful facts into
evidence by arguing that Brookshire is “dangerous to this community.”

      Proper
closing arguments consist of: (1) summations of the evidence, (2) reasonable
deductions from the evidence, (3) answers to argument of opposing counsel, and
(4) pleas for law enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). To determine whether an argument which exceeds these bounds requires
reversal, we examine whether, “in light of the record as a whole, the argument
is extreme or manifestly improper, violative of a mandatory statute, or injects
new facts harmful to the accused into the trial proceeding.”  Id.

      Again, applying the Mosley factors,
we conclude that the trial court did not err in denying Brookshire’s motion for
mistrial.  “Only offensive or flagrant error warrants reversal when there has
been an instruction to disregard,” and such conduct “must have been a willful
and calculated effort on the part of the State to deprive appellant of a fair
and impartial trial.”  Wesbrook, 29 S.W.3d at 115-16.  Assuming that the
argument made by the State was improper, we find that any harm was cured by the
trial court's instruction to disregard.  Apart from this argument, the jury was
presented with considerable evidence of Brookshire’s guilt.  Accordingly, we
overrule Brookshire’s second issue.

Self-Defense Instruction

      In his final issue, Brookshire contends that
the trial court erred in refusing to instruct the jury on the law of self
defense.

      “A defendant is entitled to an instruction
on self-defense if the issue is raised by the evidence, whether that evidence
is strong or weak, unimpeached or contradicted, and regardless of what the
trial court may think about the credibility of the defense.”  Ferrel v.
State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).  The purpose of this rule
is to ensure “that the jury, not the judge, will decide the relative
credibility of the evidence.”  Granger v. State, 3 S.W.3d 36, 38 (Tex.
Crim. App. 1999); Prenger v. State, 108 S.W.3d 501, 505 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  We must decide whether the evidence, viewed in the
light most favorable to appellant, is sufficient to raise the issue of
self-defense.  See Lavern v. State, 48 S.W.3d 356, 360 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (en banc).  This
evidence includes that adduced by the defense as well as by the State.  Jackson v. State, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003,
pet ref’d).  It is rare for the issue of self-defense to be raised, as in this
case, when the defendant fails to testify.  Lavern, 48 S.W.3d at 360.

      A person is justified in using force when
and to the degree he reasonably believes the force is immediately necessary to
protect himself against another person's use or attempted use of unlawful
force.  Tex. Pen. Code Ann. §
9.31(a) (Vernon 2003).  A person has a right to defend from apparent danger to
the same extent as he would had the danger been real; provided he acted upon a
reasonable apprehension of danger as it appeared to him at the time.  Hamel
v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).  

      In viewing the evidence in the light most
favorable to Brookshire, the only evidence which could support a self-defense
instruction is Netterville’s testimony that Brookshire, from his jail cell, stated
that Grayson had a gun.  Because there is no evidence of Brookshire's beliefs,
reasonable or otherwise, at the time of the stabbing that he acted in
reasonable apprehension of danger, he was not entitled to a jury instruction on
the issue of self-defense.  See Reed v. State, 703 S.W.2d 380, 384 (Tex.
Crim. App. 1985).  We overrule his third issue.




Conclusion

      Having overruled Brookshire’s three issues,
we affirm the judgment of the trial court.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the judgment
without a separate opinion.)

Affirmed

Opinion
delivered and filed March 28, 2007

Do
not publish 

[CR25]