IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00406-CR

 

Douglas Harold Brookshire,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 278th District Court

Leon County, Texas

Trial Court No. CM-03-275A

 



MEMORANDUM  Opinion



 

A jury found Appellant Douglas Harold
Brookshire guilty of the offense of aggravated assault with a deadly weapon,
and the trial court assessed punishment at twenty-years’ imprisonment.  Brookshire
appeals, asserting three issues.  We will affirm.

Background

      On the evening of February 22, 2003, several
people, including Brookshire, were gathered at the home of Rene Boles for a
party.  Leon Grayson, the victim, parked his truck at his sister’s house,
approximately fifty yards away, and walked to Boles’s home.  Because Brookshire
had been acting inappropriately in front of the children who were present,
Linda Boles found Grayson outside and asked him to tell Brookshire to leave the
party.  Grayson testified that he walked into the house, approached Brookshire,
and asked him to leave.  As Grayson turned to leave the room, Brookshire
stabbed him in the back.

      David Wilkerson, one of the partygoers,
heard a woman scream and went to investigate.  He found Grayson injured in the
hallway and Brookshire with a knife in his hand.  Wilkerson asked Brookshire
for the knife, which he handed to him.  Wilkerson then took the knife home.

      Sheriff’s deputies Jimmy Gifford and Mitch
Netterville responded to the emergency call and investigated.  They recovered
the knife—a lock-blade knife with a three-inch single-edge blade—from Wilkerson. 
They also located Brookshire and took him into custody.  Netterville testified
that, in response to defense counsel’s questioning, Brookshire declined to talk
to officers except that, after being placed in a jail cell, Brookshire stated
that he acted in self-defense because Grayson had a gun.  In light of this
statement, the investigating officers re-interviewed the witnesses the
following day.  No one saw Grayson with a gun.  Grayson testified that he was
not angry at Brookshire and only asked him to leave because of Linda’s
request.  He stated that although he had a gun in his truck, parked fifty yards
from Boles’s home, he did not have a gun in his possession when he approached
Brookshire.

 

State’s Comment On Refusal to Make a Statement and Failure
to Testify

      In his first issue, Brookshire argues that
the trial court erred in overruling his motion for mistrial following the
prosecutor’s alleged comment on Brookshire’s refusal to make a statement and
his failure to testify.

      During the State’s questioning of Deputy Netterville,
the following exchange occurred:

STATE:           Did the defendant seated next to
his lawyer give you a                                   statement?

 

WITNESS:      No, sir, he did not.

 

STATE:           Did he write anything down?

 

WITNESS:      Not for me.

 

STATE:           Did he write down – anything down
anywhere in your                                   report?

 

WITNESS:      No, sir.

 

Brookshire objected to these questions on the
basis that the State was improperly commenting on Brookshire’s refusal to make
a statement and failure to testify.  The trial court sustained his objection
and instructed the jury to disregard the prosecutor’s comment on Brookshire’s refusal
to make a statement.  Brookshire moved for a mistrial, which the court denied.

      When the trial court sustains an objection
and instructs the jury to disregard but denies a defendant’s motion for a
mistrial, the issue is whether the trial court abused its discretion in denying
the mistrial.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).
 Asking an improper question will seldom require a mistrial because, in most
cases, any harm can be cured by an instruction to disregard.  Ladd v. State,
3 S.W.3d 547, 567 (Tex. Crim. App. 1999); Hernandez v. State, 805 S.W.2d
409, 413-14 (Tex. Crim. App. 1990).  In determining whether the trial court
abused its discretion in denying the mistrial, we balance three factors: (1)
the severity of the misconduct (prejudicial effect), (2) curative measures, and
(3) the certainty of conviction absent the misconduct.  Hawkins, 135
S.W.3d at 77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)
(op. on reh'g), cert. denied, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d
550 (1999).

      A comment on a defendant’s post-arrest
silence violates the rights of the accused under the Fifth Amendment of the
United States Constitution and article I, section 10 of the Texas
Constitution.  See Doyle v. Ohio, 426 U.S. 610, 618, 96 S.Ct. 2240,
2245, 49 L.Ed.2d 91 (1976); Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995).  We have applied the Mosley factors when constitutional
rights are implicated.  See Perez v. State, 187 S.W.3d 110, 112-13 (Tex. App.—Waco 2006, no pet.).

      Applying the Mosley factors, we
conclude that any prejudicial impact of the prosecutor’s questions was not so
severe that it was not cured by the trial court’s immediate instruction.  The severity
of the misconduct was attenuated by the fact that essentially the same
information was entered elsewhere in response to defense counsel’s questioning
and without objection.  Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004).  Further, the jury was presented with strong evidence of Brookshire’s
guilt.  Under these circumstances, we cannot say that the trial court erred in
failing to grant a mistrial.  Brookshire’s first issue is overruled.




Improper Jury Argument

      Brookshire
next argues that the trial court erred in denying his motion for mistrial after
the prosecutor argued in guilt-innocence that Brookshire is “dangerous to this
community.”

      Proper
closing arguments consist of: (1) summations of the evidence, (2) reasonable
deductions from the evidence, (3) answers to argument of opposing counsel, and
(4) pleas for law enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). To determine whether an argument that exceeds these bounds requires
reversal, we examine whether, “in light of the record as a whole, the argument
is extreme or manifestly improper, violative of a mandatory statute, or injects
new facts harmful to the accused into the trial proceeding.”  Id.

      Applying again the Mosley factors, we
conclude that the trial court did not err in denying Brookshire’s motion for
mistrial.  “Only offensive or flagrant error warrants reversal when there has
been an instruction to disregard,” and such error “must have been a willful and
calculated effort on the part of the State to deprive appellant of a fair and
impartial trial.”  Id. at 115-16.  Assuming that the argument made by
the State was improper, we find that any harm was cured by the trial court’s
instruction to disregard.  Apart from this argument, the jury was presented
with considerable evidence of Brookshire’s guilt.  Accordingly, we overrule Brookshire’s
second issue.

Self-Defense Instruction

      Brookshire’s third issue contends that the
trial court erred in refusing to include a jury instruction on self-defense.  

      “A defendant is entitled to an instruction
on self-defense if the issue is raised by the evidence, whether that evidence
is strong or weak, unimpeached or contradicted, and regardless of what the
trial court may think about the credibility of the defense.”  Ferrel v.
State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).  The purpose of this rule
is to ensure “that the jury, not the judge, will decide the relative
credibility of the evidence.”  Granger v. State, 3 S.W.3d 36, 38 (Tex.
Crim. App. 1999); Prenger v. State, 108 S.W.3d 501, 505 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  We must decide whether the evidence, viewed in the
light most favorable to Brookshire, raises the issue of self-defense.  See
Lavern v. State, 48 S.W.3d 356, 360 (Tex. App.—Houston [14th Dist.] 2001,
pet. ref’d) (en banc).  This includes evidence adduced by the defense as well
as by the State.  Jackson v. State, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  It is rare for the issue of self-defense
to be raised, as in this case, when the defendant fails to testify.  Lavern,
48 S.W.3d at 360.

      A person is justified in using force when
and to the degree he reasonably believes the force is immediately necessary to
protect himself against another person’s use or attempted use of unlawful
force.  Tex. Pen. Code Ann. §
9.31(a) (Vernon 2003).  A person has a right to defend from apparent danger to
the same extent as he would had the danger been real, provided that he acted
upon a reasonable apprehension of danger as it appeared to him at the time.  Hamel
v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).  

      In viewing the evidence in the light most
favorable to Brookshire, the only evidence that could support a self-defense
instruction is Netterville’s testimony that Brookshire, from his jail cell, stated
that “it was self-defense, that [Grayson] had a gun.”  But there is no evidence
of Brookshire’s belief, reasonable or otherwise, at the time of the stabbing
that he acted in reasonable apprehension of danger and to protect himself
against Grayson’s use or attempted use of unlawful force, and Brookshire thus
was not entitled to a jury instruction on self-defense.  See Reed v. State,
703 S.W.2d 380, 384 (Tex. Crim. App. 1985).  We overrule his third issue.

Conclusion

      We affirm the trial court’s judgment.

 

BILL VANCE

Justice

 

Before
Justice Vance,

Justice Reyna, and

Judge Robert Francis[1]

Affirmed

Opinion
delivered and filed June 20, 2007

Do
not publish 

[CR25]









[1]       Judge of Criminal District Court No. 3 of Dallas County, sitting by assignment of the Chief Justice of the Texas Supreme Court
pursuant to section 74.003(h) of the Government Code.  See Tex. Gov't Code Ann. § 74.003(h)
(Vernon 2005).