**Opinion issued June 18, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00655-CR

———————————

**MICHAEL COATES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1812497**

---

## MEMORANDUM OPINION

Michael Coates appeals his conviction for murder. *See* TEX. PENAL CODE § 19.02. He asserts that the evidence was legally insufficient for the jury to reject his self-defense theory. He also argues that the trial court erred in denying his request for a necessity instruction in the jury charge. We affirm.

## Background

Coates shot and killed Marcus Mercado outside of a corner store in Houston, Texas. Mercado died from multiple gunshot wounds to his face, scalp, torso, and wrist. Eyewitness Dexter Fennie testified that he was parked in front of the store, smoking a cigarette inside his truck, when he heard two men start arguing. Fennie said that Mercado was with another person, whom investigators later identified as Demorian Howell. Fennie testified that Mercado started an argument with Coates and gestured that he was preparing to fight by pulling his pants up. Fennie saw Coates take out a gun from under his jacket and began shooting.

Fennie testified that, when Coates started shooting, Howell ran away while Mercado tried to hide behind a tree. Coates shot at Mercado again, and Mercado fell to the ground. Coates walked up to Mercado and "hovered" over him, shooting him again. At that point, Coates saw Fennie in his truck and walked over to him. Fennie put his hands up, closed his eyes, and stayed still. Coates went back to Mercado on the ground and then left. Fennie identified Coates in court as the shooter.

The jury viewed surveillance video showing Mercado wrapped in a blanket sitting along the road by the grocery store. In the video, Howell walks past Mercado several times, in and out of the camera's field of vision. Eventually, Coates appears in the surveillance video. When he sees Coates, Howell moves off

2

the sidewalk, and Mercado stands up, tosses his blanket on the ground, and walks toward Coates.

Coates and Mercado exchange words. Coates continues walking toward the grocery store with his hands in his pockets. Mercado and Howell are slowly moving toward Coates. Coates takes out a gun and opens fire.

When Coates starts shooting, Howell runs away. Mercado tries to hide behind a tree. Coates shoots Mercado, who falls to the ground writhing. Coates runs over to Mercado, stands over him, and points the gun at Mercado's head. He shoots Mercado at least twice. Mercado stops moving. Coates wanders around for a few minutes before coming back over to Mercado. He then walks away, leaving the field of vision.

The jury also heard testimony linking Coates to the murder weapon. Investigators found eight spent cartridges at the scene of the crime. A firearms expert concluded that the casings were discharged from a pistol that was recovered from Coates's apartment a few days after the shooting. A medical examiner testified that Mercado died from multiple gunshot wounds. He had two gunshot wounds to his scalp, two to his torso, one to his face, and one to his wrist. The medical examiner testified that the gunshot wound to Mercado's torso would have been fatal within a few minutes, but each gunshot wound to his head, including the one to his face and the two to his scalp, would have been instantly fatal. The

medical examiner also testified that Mercado's blood alcohol level was .161 grams per deciliter, twice the legal driving limit.

The State offered as evidence a recorded jail phone call between Coates and his uncle, in which the uncle advises Coates on how to handle jury selection and trial. During the call, Coates admits shooting Mercado and claims to have done so in self-defense.

At the conclusion of evidence, the jury found Coates guilty of murder and sentenced him to 80 years' imprisonment and a $10,000 fine. He appealed.

### Sufficiency of the Evidence

In his first issue, Coates challenges the legal and factual sufficiency of the evidence to support the jury's rejection of his self-defense claim. According to Coates, no rational jury could have concluded that deadly force was not immediately necessary for him to defend himself.

### A.     Standard of Review

A defendant has the burden of producing some evidence to support a claim of self-defense. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) ("The defendant's burden of production requires him to adduce some evidence that would support a rational finding in his favor on the defensive issue."). The State, in turn, bears the burden of persuasion to negate self-defense. *See id.* at 608. The State's burden "is not one that requires the production of

4

evidence; rather it requires only that the State prove its case beyond a reasonable doubt." *Id.* (quoting *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003)). A jury's guilty verdict is an implicit finding rejecting a defendant's self-defense theory. *London v. State*, 325 S.W.3d 197, 202 (Tex. App.—Dallas 2008, pet. ref'd).

We review both legal and factual sufficiency challenges to the jury's rejection of self-defense under the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319; *Rankin v. State*, 617 S.W.3d 169, 182 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 319 n.11, 320. We "may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact finder." *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We defer to the jury "to fairly resolve conflicts in the

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## B.    Applicable Law

A person commits murder if he "intentionally or knowingly causes the death of an individual" or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." *See* TEX. PENAL CODE § 19.02(b)(1)–(2). The jury may infer that the defendant intended to kill the complainant from the defendant's use of a deadly weapon and from other circumstantial evidence, including the defendant's acts, words, and the extent of the complainant's injuries. *See Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003) (stating jury may infer intent "from any facts in evidence which it determines proves the existence of such intent to kill, such as the use of a deadly weapon"); *see also Ex parte Weinstein*, 421 S.W.3d 656, 668 (Tex. Crim. App. 2014) (stating defendant's "intent to commit murder may also be inferred from circumstantial evidence, including his acts and words"); *Lopez v. State*, 672 S.W.3d 915, 923 (Tex. App.—Corpus Christi-Edinburg 2023, pet. ref'd) ("Intent to

kill may also be inferred from the nature and extent of the injuries inflicted on the victim.").

The use of deadly force in self-defense is a defense to prosecution for murder if the use of deadly force is "justified." TEX. PENAL CODE §§. 9.02, 9.31–.32. Section 9.31(a) of the Penal Code states that "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *Id.* § 9.31(a). The phrase "reasonably believes" contains "subjective and objective components." *Lozano v. State*, 636 S.W.3d 25, 32 (Tex. Crim. App. 2021). "A defendant must subjectively believe that another person used or attempted to use unlawful force . . . against the defendant and that the defendant's use of unlawful or deadly force in response was immediately necessary." *Id.* (quoting TEX. PENAL CODE § 1.07(a)(42)); *see also* TEX. PENAL CODE § 1.07(a)(42) (defining "reasonable belief" as one held by "an ordinary and prudent man in the same circumstances as the actor").

Deadly force in self-defense is justified "if the actor would be justified in using force against the other under Section 9.31" and when and to the degree the actor reasonably believes the deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force or to

7

prevent the other's imminent commission of murder, among other crimes. *Id.* § 9.32(a).

A defendant need not testify to raise the issue of self-defense. *See Bernard v. State*, No. 01-22-00877-CR, 2024 WL 3350253, at *11 (Tex. App.—Houston [1st Dist.] July 9, 2024, no pet.) (mem. op., not designated for publication) (citing *VanBrackle v. State*, 179 S.W.3d 708, 712 (Tex. App.—Austin 2005, no pet.) ("Defensive issues may be raised by the testimony of any witnesses, even those called by the State.")); *see also Lavern v. State*, 48 S.W.3d 356, 360 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("While a non-testifying defendant may be entitled to a charge on self-defense, it is rare for the defense to be raised when the defendant fails to testify."). Nevertheless, there must be some evidence of the defendant's subjective belief that another person used or attempted to use unlawful force against the defendant and that the defendant's use of unlawful or deadly force in response was immediately necessary. *See Lozano*, 636 S.W.3d at 32. When, as here, a defendant does not testify, the record must contain "observable manifestations" of the defendant's state of mind at the time of the alleged act of self-defense or some evidence from which the jury can infer the defendant had the requisite *mens rea*. *See id.* at 33 ("[A] person's belief, absent direct evidence, generally must be inferred from the circumstances of the case.").

## C. Rejection of Self-Defense

Coates argues that he was justified in using deadly force to defend himself against Mercado and Howell because (1) Mercado and Howell approached him; (2) Mercado pulled up his pants just before Coates shot him; (3) toxicology evidence showed Mercado was drunk at the time; (4) and during the recorded call with his uncle, Coates admitted shooting Mercado but claimed he was afraid and did so in self-defense.

Viewed in the light most favorable to the verdict, the record reflects that Howell and Mercado had a verbal altercation with Coates outside the corner store. They were several feet from each other, but they were slowly moving closer together. The surveillance video shows Coates pulling out a weapon and shooting as Howell and Mercado retreat. There is no evidence that Howell or Mercado pointed a gun at Coates or otherwise used force against him. Howell ran away after the first shots. Coates shot at Mercado a second time, and Mercado fell to the ground. Coates then stood over Mercado and shot him additional times in the head.

A rational jury could have concluded that when he drew and fired his gun, Coates did not reasonably believe that the use of deadly force was immediately necessary to protect himself from Mercado and Howell, who had not displayed weapons or attacked him. *See Harris v. State*, 668 S.W.3d 83, 90 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (explaining that even "[a]ssuming that

[defendant] was aware that [victim] was armed and prepared to take the drugs by force, a rational jury could have found that" defendant did not have "a reasonable belief that deadly force was immediately necessary at the time of the shooting, as [victim] had not yet drawn his gun or otherwise threatened to use it at that time"). A rational jury also reasonably could have concluded from the evidence that Coates's conduct was inconsistent with his claim of self-defense because he shot at Mercado three separate times in succession, the last of which were shots in the head as Mercado lay on the ground. *See Cleveland v. State*, 177 S.W.3d 374, 381 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (stating jury could have reasonably concluded that defendant's conduct in continuing to stab his wife's back as she lay bleeding on floor was inconsistent with his claim of self-defense); *see also Russell v. State*, No. 05-17-00124-CR, 2018 WL 525559, at *6 (Tex. App.—Dallas Jan. 24, 2018, pet. ref'd) (mem. op., not designated for publication) ("Additionally, the jury could also reasonably infer that the sheer number of bullets that were fired . . . are beyond what can be considered immediately necessary to protect appellant from any action taken by Tell or Garcia.").

Finally, the jury was free to evaluate the credibility of the witnesses and testimony in listening to the recorded phone call from jail between Coates and his uncle. The jury was free to disbelieve Coates's statement that he was afraid and shot Mercado in self-defense.

Viewing the evidence in the light most favorable to the verdict, we conclude a jury rationally could have found beyond a reasonable doubt that Coates intentionally caused Mercado's death by shooting him and that Coates did not reasonably believe that deadly force was immediately necessary to protect himself against Mercado's use or attempted use of unlawful deadly force, thus rejecting Coates's self-defense claim. *See Jackson*, 443 U.S. at 318–19; *Rankin*, 617 S.W.3d at 184. We overrule Coates's first issue.

**Jury Charge Error**

In his second issue, Coates argues that the trial court erred in denying his request for a jury instruction on the defense of necessity. He argues that he admitted to shooting Mercado during the phone call he made to his uncle, and that the phone call proves that he reasonably believed he "had to shoot the two men because it was immediately necessary to avoid imminent harm from them and because the urgency of avoiding the harm clearly outweighed the law against killing Mercado." *See* TEX. PENAL CODE § 9.22.

A. **Standard of Review and Applicable Law**

A defendant is entitled to a jury instruction on any defensive theory raised by evidence or testimony when such an instruction is properly requested. *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013). Whether the evidence or testimony is presented by the defense or the State is irrelevant, as is the strength of

the evidence or testimony. *Booth v. State*, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984). Whether the record contains such evidence is a question of law, which means we view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

Necessity, like self-defense, is a defense of justification. *See* TEX. PENAL CODE §§ 9.02, 9.22, 9.31, 9.32. The defense of necessity provides that conduct that otherwise would be criminal is justified if:

> (1)    the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
>
> (2)    the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
>
> (3)    a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

*Id.* § 9.22. At issue here is the third element, which is a question of law. *Toliver v. State*, No. 01-23-00802-CR, — S.W.3d —, 2025 WL 3028897, at *7 (Tex. App.—Houston [1st Dist.] Oct. 30, 2025, pet. ref'd). "[I]f there is a plain legislative purpose to exclude the defense of necessity, then [element] (3) precludes that defense from being included in the [trial court's] charge [to the jury]." *Id.* (quoting *Chase v. State*, 666 S.W.3d 832, 834 (Tex. App.—Tyler 2023, pet. ref'd)).

**B.      Analysis**

Coates asserts that because he satisfied the first two elements of the necessity defense, he was entitled to an instruction under Texas Penal Code section 9.22. The State asserts that the defense of necessity does not apply because the Legislature's detailed and nuanced self-defense provisions reflect its intent to preclude necessity in violent-offense cases where deadly-force self-defense is claimed.

Our Court and the majority of courts of appeals in Texas that have addressed the propriety of a necessity instruction in a murder case have concluded that a defendant may not raise a necessity defense when deadly force in self-defense is the conduct that the defendant alleges was immediately necessary under Texas Penal Code section 9.22(1), and the jury was also instructed as to deadly-force self-defense pursuant to Texas Penal Code section 9.32. *See Toliver*, 2025 WL 3028897, at *7–8 (holding same and listing cases from courts of appeals with same holding). "This is because the plain language of the statute governing the defense of deadly-force self-defense . . . 'evidences a legislative intent that precludes an accompanying necessity instruction.'" *Id.* at *8 (quoting *Chase*, 666 S.W.3d at 835). As we explained in *Toliver*, section 9.32 justifies deadly force only when the actor's life is immediately threatened by another person's use of unlawful deadly force or to prevent the commission of specific violent crimes, but a necessity

13

defense involves a lower showing, requiring only that the conduct be necessary to avoid imminent harm. *Id.* (noting that in absence of binding authority from Court of Criminal Appeals, our Court agrees with majority of Texas appellate courts that have addressed this issue).

Coates was charged with murder and requested and received an instruction on deadly force self-defense in accordance with Texas Penal Code 9.32. We hold that the trial court did not err in denying Coates's request for an instruction on the defense of necessity.

We overrule Coates's second issue.

## Conclusion

We affirm the trial court's judgment.

Susanna Dokupil
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).