**Tony Harold REED, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–85–00350–CR.**

Court of Appeals of Texas, Dallas.

Jan. 8, 1986.

Scott W. Hudson, William A. Bratton, III, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Anne B. Wetherhold, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

PER CURIAM.[1]

Tony Harold Reed appeals his conviction for attempted capital murder. Punishment was assessed by the jury at forty-five years confinement. In six grounds of error, appellant contends that the trial court erred in refusing to instruct the jury on the law of self-defense, in denying appellant's motion to suppress evidence, in allowing the state to bolster the testimony of three of its own witnesses, and in admitting into evidence testimony regarding an extraneous offense. We affirm the judgment of the trial court.

---

1. This opinion was written by and circulated to the court by the Honorable Judge James K. Allen prior to his retirement on December 18, 1985.

In his first ground of error, appellant maintains that the trial court erred in refusing appellant's timely request to instruct the jury on the law of self-defense. We hold that there was no evidence to raise the issue of self-defense.

It is well settled that a defendant is entitled upon timely request to an instruction on every affirmative defense raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached or contradicted and even if the trial court is of the opinion that the testimony is not entitled to belief. *Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App.1984); *Warren v. State,* 565 S.W.2d 931, 933–934 (Tex.Crim. App.1978). Accordingly, a statement of the facts surrounding the incident is necessary.

On December 6, 1984, ten narcotics officers with the Richardson Police Department executed a "no-knock" narcotics search warrant at appellant's home. When the police arrived at appellant's home, two officers used a battering bar to break down the front door. The first officer through the door was in police uniform; the remaining officers wore windbreaker type "raid jackets" and street clothes. Some of these officers were undercover police officers and wore long hair and beards.

Once inside the house, the officers began to gather the eight occupants of the house from various rooms and place them in the living room under the supervision of the only uniformed officer in the house. Officer Coleman was assisting the uniformed officer when he heard a disturbance in the rear portion of the house. Officer Coleman ran from the living room to a dimly lit bedroom where several officers had gathered and were talking to someone through a closed, bathroom door. Appellant, inside the bathroom, yelled out, "Come in and get me," and "Leave me alone." The officers kicked in the bathroom door and three officers attempted to enter the dark bathroom. Gunfire ensued, and both Officer Coleman and appellant were injured.

While in the ambulance on the way to the hospital and upon arrival at the hospital, appellant told two different uniformed officers that he didn't know "these people" were police.

At trial, there was conflicting evidence as to whether or when the officers identified themselves as police. There was also a dispute regarding whether appellant or police fired the first shot.

The only witness who testified for the defense was appellant's roommate, Simmons. He testified that in the past he had received telephone calls threatening his life and that appellant received similar calls. It is unclear from the record whether the telephone calls appellant received threatened Simmons' life or appellant's life. In addition, Simmons testified that five days before the shooting, someone tried to kick down the back door of the house where he and appellant lived. The record does not reflect that appellant was aware of this attempt. Simmons also testified that on the night of the shooting he heard a bang which sounded like an explosion; that within seconds armed men entered the room where he and several others (but not appellant) were sitting; that he looked for a gun to protect himself because he was unaware the men were police officers; and that he learned that the men were police officers only after the shooting stopped.

Appellant did not testify at trial. While it is clear that the issue of self-defense may be raised by evidence other than the defendant's testimony, *e.g. Smith v. State,* 676 S.W.2d 584 (Tex.Crim.App.1984), it is equally clear that *some* evidence must show that the defendant reasonably believed that force was necessary to protect himself against the unlawful force of another. *See Nethery v. State,* 692 S.W.2d 686, 704 (Tex.Crim.App.1985). Appellant relies heavily on the evidence suggesting that the officers were not instantly recognizable as police officers, as well as the testimony indicating that the police may not have immediately identified themselves as police officers. Appellant also relies heavily on his own statements made after the shooting that he "didn't know they were police officers." Appellant asserts

that this evidence raises the issue of self-defense.

The State, conversely, argues that appellant was not entitled to a jury instruction on the law of self-defense. The State maintains that if the jury believed that appellant was unaware that the men in his home were police officers, the jury would have acquitted appellant of attempted capital murder and either convicted or acquitted him of the lesser included offense of attempted murder.[2] Thus, the State argues that the refusal of the trial court to instruct the jury on the issue of self-defense was, at most, harmless error.

■■■ We cannot accept the State's position that the trial court's refusal to instruct the jury on the law of self-defense, if the issue was raised by the evidence, was harmless error. While knowledge that a police officer is, in fact, a police officer is an element of the crime of attempted capital murder, it has no relevance in determining whether evidence raises the issue of self-defense. If the evidence suggested that appellant did not know that the men in his home were police officers, and otherwise raised the issue of self-defense, appel-

lant would have been entitled to an instruction on that issue under sections 9.31(a)[3] and 9.32[4] of the Texas Penal Code. *Cf Venegas v. State*, 660 S.W.2d 547 (Tex.App.—San Antonio 1983, no pet.) (where the evidence showed that the defendant was unaware that intruders in his home were police officers, the defendant was entitled to instructions regarding self-defense and mistake of fact). If, however, the evidence suggested that appellant *did* know that the men in his home were police officers and otherwise raised the issue of self-defense, he would still have been entitled to an instruction on the issue under section 9.31(b), (c)[5] and section 9.32 of the Texas Penal Code, assuming all other conditions of those statutes were met. *See Rodriguez v. State*, 544 S.W.2d 382 (Tex.Crim. App.1976); *Cf. Montemayor v. State*, 543 S.W.2d 93 (Tex.Crim.App.1976) (defendant relied on self-defense in his prosecution for assault on a deputy sheriff while defendant was being booked into jail). Had the evidence raised the issue of self-defense, appellant would have been entitled to an instruction regarding the issue and, if the evidence was believed by the jury, appel-

2. The trial court instructed the jury on the lesser included offense of attempted murder.

3. TEX.PENAL CODE ANN. § 9.31 (Vernon 1974) provides:
   (a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

4. TEX.PENAL CODE ANN. § 9.32 (Vernon Supp.1985) provides:
   A person is justified in using deadly force against another:
   (1) if he would be justified in using force against the other under Section 9.31 of this code;
   (2) if a reasonable person in the actor's situation would not have retreated; and
   (3) when and to the degree he reasonably believes the deadly force is immediately necessary:
   (A) to protect himself against the other's use or attempted use of unlawful deadly force; or
   (B) to prevent the other's imminent commission of aggravated kidnapping, murder,

sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

5. TEX.PENAL CODE ANN. § 9.31(b) and (c) (Vernon 1974) provide:
   (b) The use of force against another is not justified:
   \* \* \* \* \* \*
   (2) to resist an arrest or search that the actor knows is being made by a peace officer, or by a person acting in a peace officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c) of this section;
   (c) The use of force to resist an arrest or search is justified:
   (1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and
   (2) when and to the degree the actor reasonably believes that force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary.

lant would have been entitled to an acquittal on both the attempted capital murder and the attempted murder charges. Failure to instruct the jury on the issue of self-defense had the evidence raised the issue, therefore, could not have been harmless error.

■ We hold, however, that appellant was not entitled to a jury instruction on the law of self-defense because there was no evidence raising the issue. A person is justified in using force when and to the degree *he reasonably believes* the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. TEX.PENAL CODE ANN. § 9.31(a) (Vernon 1974) (emphasis added). The statute necessarily contemplates that the force used by a defendant must be reasonable as contemplated from the defendant's point of view. *Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App. 1984) ("A person has a right to defend from apparent danger to the same extent as he would had the danger been real; provided he acted upon reasonable apprehension of danger as it appeared to him at the time"). In the record before us, there is no evidence of appellant's beliefs, reasonable or otherwise, at the time of the shooting.

Other than evidence suggesting that appellant may have been unaware that the men in his home were police officers, which we have held to be irrelevant in determining whether the issue of self-defense is raised, appellant can point only to the testimony of Simmons regarding threats and an attempt to kick down the back door of his home at some point prior to the incident in which appellant shot Coleman as raising self-defense. From this evidence, appellant would have us infer: first, that appellant knew of those incidents; second, that those incidents created in appellant a belief that when the police officers entered his home he was being unlawfully attacked and that it was immediately necessary to protect himself against such an unlawful attack; and third, that such a belief was reasonable. In short, appellant asks us to compound inference upon inference in order to divine appellant's state of mind at the time of the shooting. This we decline to do.

The court of criminal appeals rejected an argument similar to our appellant's in *Nethery v. State,* 692 S.W.2d 686 (Tex. Crim.App.1985). In *Nethery,* appellant argued that "because he was naked and therefore somehow vulnerable, and because everything happened so fast, he could have believed that he was being attacked by an unknown assailant." *Id.* at 704. The court of criminal appeals rejected appellant's argument, stating that "the evidence simply does not suggest such a scenario. None of the evidence presented ... raised self-defense...." *Id.* Similarly, in *Rios v. State,* 661 S.W.2d 775 (Tex.App.— Fort Worth 1983, pet. ref'd), the court of appeals rejected appellant's argument that evidence of decedent's habit of carrying a weapon and an unfired pistol found at the murder scene, coupled with evidence of decedent's drug use, raised the issue of self-defense. *Id.* at 778. From these cases it is clear that some evidence relating to the appellant's state of mind at the time of the alleged act of self-defense must be adduced at trial in order to submit the issue to the jury.

■ Here, Simmon's testimony does not constitute such evidence. While his testimony may have shown that due to previous incidents *Simmons* believed he was being unlawfully attacked when the police entered the home, it does not show that *appellant* had received threats on his own life or that he believed he was being unlawfully attacked at the time of the shooting. In addition, the record reflects that appellant was not in the room with Simmons at the time the police arrived. Even if Simmons reasonably believed he was being unlawfully attacked by unknown intruders, we cannot attribute his state of mind at the time of the shooting to appellant.

■ We emphasize that our holding today does not require that the defendant testify in order to raise the issue of self-defense. Self-defense may be raised by the testimony of witnesses who testify to the

defendant's acts and words at the time of the offense. *Smith v. State*, 676 S.W.2d 584 (Tex.Crim.App.1984). The record before us, however, does not reflect any evidence of appellant's state of mind or observable manifestations of appellant's state of mind, as did the record in *Smith*. Because the record before us does not in any way show such evidence, we hold that appellant was not entitled to a jury instruction on the issue of self-defense. Accordingly, appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in overruling appellant's motion to suppress evidence seized pursuant to what appellant asserts was an invalid search warrant, and that the trial court erred in admitting that evidence at trial.

■ We need not reach appellant's argument that the search warrant was invalid, because the record reflects that at each time the state offered evidence for admission, appellant's attorney stated "no objection" or "no further objection." Where counsel affirmatively states that he has no objection to the admission of evidence, any error in overruling a motion to suppress the evidence is waived and the evidence is properly admitted. *Harris v. State*, 656 S.W.2d 481, 484 (Tex.Crim.App.1983). Appellant's second ground of error is overruled.

■ In his third and fifth grounds of error, appellant maintains that the trial court erred in allowing the state to bolster the testimony of its witnesses, Officers Skinner and Zacharias.

On direct examination, Skinner testified that when the police were executing the search warrant, he and the other officers identified themselves as police officers both before entering the house and before entering each room inside. On cross-examination he repeated this testimony. Defense counsel presented Skinner with a written statement he had given to the Internal Affairs Department about the shooting. Defense counsel then sought to impeach Skinner by showing that in the statement Skinner never indicated he or anyone else identified himself as a police officer during the execution of the warrant. On re-direct examination, Skinner stated that he made two written statements. Skinner identified his second statement and testified that in it he had stated that he and another officer did identify themselves as police officers both at the door to the house and at the bathroom door. Neither statement was admitted into evidence.

Similarly, on direct examination, Zacharias stated that when the police were executing the search warrant, he and the other officers identified themselves as police officers both before entering the house and before entering each room inside. On cross-examination Zacharias repeated this testimony. Defense counsel showed him a written statement which Zacharias identified as his own, made immediately after the incident. This statement was admitted into evidence. Zacharias admitted that the statement made no reference to identifying himself as a police officer to the person in the bathroom. On re-direct examination, Zacharias testified that he later made another statement concerning the shooting. This statement was not admitted into evidence; however, Zacharias was permitted to testify that in his second statement he stated that he identified himself as a police officer to the person in the bathroom.

■ No error is shown. Where an attempt is made to impeach a witness by showing that he made statements inconsistent with his trial testimony, the witness may be supported by showing that he made statements consistent with his trial testimony after the offense in question. *Duncantell v. State*, 563 S.W.2d 252, 255 (Tex.Crim.App.), *cert. denied*, 439 U.S. 1032, 99 S.Ct. 637, 58 L.Ed.2d 695 (1978); *Kepley v. State*, 167 Tex.Cr.R. 233, 320 S.W.2d 143, 145 (1959). Appellant's third and fifth grounds of error are overruled.

In his fourth ground of error, appellant maintains that "the trial court erred in allowing the state to bolster the testimony of witness, Jack C. Burleson." Apparently,

appellant's complaint is that the trial court erred in permitting Officer Burleson to testify since that testimony served only to bolster the testimony of the state's other witnesses.

Burleson testified that he was commander of the Internal Affairs and Special Operations Bureau of the Richardson Police Department. Over appellant's objection that such testimony was "bolstering," Burleson was allowed to testify that an investigation was conducted regarding the method in which this search warrant was executed and, as a result of the investigation, no officers were disciplined.

 Bolstering occurs when one item of evidence is improperly used to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Crim.App.1978). It is not impermissible bolstering, however, to allow the state to rebut evidence of allegations of improper conduct. Since appellant attempted at trial to show that the police officers acted improperly by failing to identify themselves as police officers, the state was entitled to counter this evidence by showing that the officers acted properly. *Cf. De La Rosa v. State*, 658 S.W.2d 162, 167 (Tex.Crim.App.), *cert. denied*, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 175 (1983) (state was entitled to recall officer who took defendant's confession to rebut allegations of improper acts). Appellant's fourth ground of error is overruled.

In his sixth ground of error, appellant maintains that the trial court erred in admitting into evidence testimony regarding an extraneous offense.

At trial, Officer Sharp testified that during his investigation which led to the execution of the search warrant two individuals were arrested while leaving appellant's residence and were found to be carrying several automatic pistols, a rifle, a Derringer, and several knives. Appellant objected to this testimony; however, the record reflects that before Sharp testified, another officer testified without objection to the same facts. Where testimony has previously been admitted without objection, the admission of the same testimony at a later time does not constitute reversible error. *Sanne v. State*, 609 S.W.2d 762, 771–772 (Tex.Crim.App.1980), *cert. denied*, 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 432 (1981); *Green v. State*, 542 S.W.2d 416, 417 (Tex.Crim.App.1976). Appellant's sixth ground of error is overruled.

The judgment of the trial court is affirmed.