COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-373-CR

JOE LEE JAMES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In three points, Appellant Joe Lee James appeals his conviction of assault causing bodily injury to a family member.  We affirm.

II.  Factual and Procedural Background

On March 14, 2006, Laura Perkov was at her sister’s apartment doing her laundry when James, her boyfriend, showed up about 1:00 p.m. and ordered her to return home.  They began arguing over whether Perkov was taking too much time doing the laundry.  Perkov argued with James as they walked back to the apartment they shared with Perkov’s younger sister, Amanda, in Euless. Back at their apartment, the argument continued and escalated into a screaming match to the point where it could be heard by the neighbors.  The argument subsequently became physical after Perkov pushed James to get him away from her.  James pushed Perkov back, slapped her, and hit her.  Thereafter, Perkov hit, pushed, and slapped James several more times throughout the forty-five minute argument.  Perkov tried to leave the apartment, but James would not allow her to go.

While the two were arguing, Amanda knocked on the apartment door, and Perkov gave Amanda the keys to Perkov’s truck and asked her to move it because James had a pattern of taking her truck and leaving.  After Amanda left, James grabbed Perkov by the neck with both hands and squeezed her throat.  Perkov testified that this caused her pain and made it hard for her to breathe, and James’s long fingernails left cuts on the side of her neck.  James released Perkov when Amanda returned to the apartment, and Perkov took the opportunity to run out the back door.

Perkov went to the apartment complex office and asked an employee to call the police.  Perkov then returned to her apartment because she did not want James to know what she had done.  Officers arrived, saw the injuries to Perkov’s neck, and arrested James.  Perkov posted James’s bond.  In July 2006, Perkov told James’s defense counsel and a prosecutor at the district attorney’s office that the assault never happened and that she had received her injuries in a fight at a club.  At trial, however, she testified that she lied when she said no assault occurred because she still loved James and wanted to work things out with him.

James was charged with assault on a family member with one prior conviction, and he stipulated to his prior conviction at trial.  The jury found James guilty.  Punishment was assessed by the trial court.  The State introduced a pen packet containing proof of James’s prior conviction for robbery causing bodily injury.  Perkov also testified about several other instances in which James had assaulted her. After hearing the evidence, the trial court assessed punishment at forty-five years’ confinement.

III.  Self-Defense

In his first point, James asserts error on the part of the trial court by failing to charge the jury on his requested issue of self-defense.  

A.  Standard of Review

The standard of review for alleged error in the charge of the court is generally set forth in article 36.19 of the code of criminal procedure:

Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.  All objections to the charge and to the refusal of special charges shall be made at the time of the trial.  

Tex. Code Crim. Proc. Ann. 
art. 36.19 (Vernon 2006).  

Assuming that the alleged error was timely brought to the attention of the trial court, our court of criminal appeals has explained that for reversible error to be found, we must hold that the error was calculated to injure the rights of the defendant, which means that there must be some harm to the accused resulting from the error.  
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g), 
cert. denied
, 481 U.S. 1019 (1987).  

B.  Legal Analysis

James was justified in using self-defense “when and to the degree he reasonably believe[d] the force [was] immediately necessary to protect himself against the other’s use or attempted use of unlawful force.”  
Tex. Penal Code Ann.
 § 9.31(a) (Vernon 2003).  By asserting the issue of self-defense, James bore the burden on the issue.  In other words, he was required to produce some evidence that supported his theory, that is, evidence that he intended to use force against Perkov but only did so because he reasonably believed that it was necessary to prevent her use of unlawful force.  
See Ex parte Nailor
, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004); 
Zuliani v. State
, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003)
.  The evidence to be considered by this court is viewed in the light most favorable to the defendant.  
Ferrel v. State, 
55 S.W.3d 586, 591 (Tex. Crim. App. 2001).  

While a defendant is never required to testify, including in order to raise the issue of self-defense, it is rarely raised when he does not testify.  
Smith v. State
, 676 S.W.2d 584, 587 (Tex. Crim. App. 1984); 
Lavern v. State
, 48 S.W.3d 356, 360 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  It can be raised without direct testimony from the defendant by other evidence, such as witness testimony regarding the circumstances, actions, and statements surrounding the incident that reveals the defendant’s subjective state of mind, as measured by the statute.  
Smith, 
676 S.W.2d at 587.  For example, in the 
Smith
 case, Smith’s mother testified that Smith had told her that the complainant had been trying to hurt him; additionally, Smith’s fiancee testified that the complainant had pointed a gun at Smith and that the complainant said that he was going to hurt Smith.  
Id
.  The court of criminal appeals found that even without testimony from Smith himself, the testimony of these witnesses raised the issue of self-defense.  
Id
. at 586–87.

Likewise, in 
VanBrackle v. State, 
witnesses testified that the complainant pointed a pistol at VanBrackle, who called for help and disarmed the complainant. 
 179 S.W.3d 708, 714 (Tex. App.—Austin 2005, no pet.).  Additionally, testimony indicated that the complainant was reaching into his pocket as if to pull out another object when he was shot by VanBrackle, who did not testify.  
Id
.  The court found that VanBrackle’s call for help was an observable manifestation of his belief that it was necessary to defend himself against the pointed pistol and that shooting the complainant was some evidence of the believed necessity to protect himself.  
Id
.  Hence, the issue of self-defense was properly raised.

In addition to the foregoing, the force used by the defendant in self-defense must be reasonable from the defendant’s point of view.  
Dyson v. State
, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984).  There must also be some evidence of the defendant’s state of mind or observable manifestations thereof at the time the alleged self-defense act occurred.  
Reed v. State
, 703 S.W.2d 380, 385 (Tex. App.—Dallas 1986, pet. ref’d).  In 
Hidalgo v. State
, the complainant shoved Hidalgo twice when Hidalgo “got in his [the complainant’s] face,” and then Hidalgo threatened and cut the complainant.  No. 03-05-00260-CR, 2006 WL 3680622, at *1 (Tex. App.—Austin Dec. 15, 2006, pet. dism’d) (not designated for publication) (mem. op.).  The court held that no self-defense issue was required because there was no reasonable apprehension of danger.  
Id
. at 2–3.  In a different
 Smith
 
v. State 
case, a fellow inmate testified that the jailers manhandled and struck Smith, who did not fight back.  
No. 06-05-00117-CR, 2005 WL 3198968, at *5 (Tex. App.—Texarkana Dec. 1, 2005, no pet.) (not designated for publication).  The court observed that there was no testimony of what Smith said during the altercation, so there was no evidence of his state of mind.  The court held that if Smith did participate in the altercation nothing in the record indicated that Smith feared the immediate use of unlawful force; hence, there was no evidence of an observable manifestation of his state of mind.  
Id
.  Therefore, it was not shown that Smith believed reasonable force was necessary to protect himself, so a self-defense issue was not warranted.  
Id
.

C.  Factual Analysis

In the case before us, nothing shows that James reasonably believed that the use of force was immediately necessary to protect himself from Perkov when he choked her; rather, Perkov testified that she pushed James to get away from him and that after she did this he pushed her, slapped her, and hit her.  Further, she denied that James was acting in self-defense when she was choked, and it was Perkov who tried, based on James’s  actions and voice from the time he arrived at the apartment to escape from James, not the reverse.  Perkov also testified that James would have assaulted her even if she had not pushed him first; that James had pushed and hit her first in every argument they had ever had; and that she was aware of his temper and his pattern of violence in their relationship, which had necessitated calls to the police.  Additionally, James stood 5’11” to Perkov’s 5’3”.

We hold that the record contains no direct evidence of James’s state of mind, nor evidence of an observable manifestation of his state of mind at the time he used force against Perkov; therefore, there is insufficient evidence to show that James reasonably believed that his use of force was immediately necessary to protect himself from Perkov.  Accordingly, the issue of self-defense was not raised.  James’s first point is overruled.

IV.  Culpable Mental State

In his second and third points, James asserts the legal and factual insufficiency of the evidence to sustain his conviction because he alleges that he did not have the requisite culpable mental state to cause bodily injury to the complainant because he acted out of self-defense.

A.  Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the judgment.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik, 
953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Johnson
, 23 S.W.3d at 7.

B.  Analysis

A person commits the criminal offense of assault when he intentionally, knowingly, or recklessly causes bodily injury to another, including the person’s spouse.  
Tex. Penal Code Ann.
 § 
22.01(a)(1) (Vernon Supp. 2006).  Acting in self-defense negates the mental state required to support a conviction for assault.  
Denman v. State
, 193 S.W.3d 129, 133–34 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).

As pointed out by the State, however, in 
Denman
, the court of appeals rejected the argument that the evidence was legally and factually insufficient to prove the defendant’s intent to commit aggravated assault when the defendant had called witnesses who testified to past incidents of violence between the defendant and complainant.  The court noted that a jury does not have to accept a defendant’s testimony that he acted in self-defense, so a defendant’s own statement regarding his intent is not enough to render the evidence insufficient.  The court further reasoned that just as a defendant’s own statement regarding his intent is not enough to render the evidence insufficient, neither does the testimony of a defendant’s witnesses, standing alone, “prove” self-defense so as to render the evidence insufficient.  
Id
. at 132–33.

The jury is exclusively empowered to determine the issue of intent.  
Moreno v. State
, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986); 
Moore v. State
, 54 S.W.3d 529, 539 (Tex. App.—Fort Worth 2001, pet. ref’d).  Intent may be inferred from the defendant’s conduct and surrounding circumstances.  
Moore
, 54 S.W.3d at 539.  The record in this case shows that it was James who initiated the confrontation between himself and Perkov when he ordered her to return home from her sister’s apartment.  They argued on the way back to their apartment, and the argument escalated into physical violence once they got home.  Perkov tried to leave the apartment, but James would not let her go.  Instead, James grabbed Perkov by the neck with both hands and squeezed her throat.  Perkov testified that this caused her pain and made it hard for her to breathe and that James’s fingernails left cuts on the side of her neck.  James released Perkov only when her sister, Amanda, interrupted him by knocking on the door.  Perkov was able to escape out the back door and immediately went to the apartment complex office and asked an employee to call the police.

While Perkov testified that she pushed James first, she also testified that she pushed him only to get him away from her.  She denied that James was acting in self-defense when he choked her, and the record contains no evidence that he assaulted her only because he was trying to protect himself.  James was taller and stronger than Perkov, standing 5’11” to Perkov’s 5’3”.

Perkov testified that from the moment James arrived at her sister’s apartment, his tone of voice indicated to her that the argument was going to get physical, and James would have assaulted her even if she had not pushed him.  She was sure of this because he had pushed her and hit her first in every other argument they had, and she knew his temper.  James’s use of physical violence was a pattern in their relationship, and she had been forced to call the police on him on previous occasions.

Whether viewed in the light most favorable to the verdict or in a neutral light, these facts are sufficient to support the jury’s determination that James intentionally, knowingly, or recklessly caused bodily injury to Perkov.  There is no evidence that he was acting in self-defense when he did so.  The evidence is therefore legally and factually sufficient to support the jury’s verdict, and we overrule James’s second and third points.

V.  Conclusion

Having overruled James’s three points, we affirm the trial court’s judgment.  

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 7, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.