NO. 07-11-00500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2012

_____

CHRIS ALLEN REYNOLDS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 61,826-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Chris Allen Reynolds, appeals his conviction for assault on a family member by strangulation[1] and the resulting three-year sentence, enhanced by previous felony convictions. On appeal, he challenges the trial court's denial of a self-defense instruction. We will affirm the trial court's judgment as modified herein.

---

[1] See TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West 2011).

Factual and Procedural History

On the morning of June 7, 2010, following an overnight stay at Lake Meredith during which appellant, girlfriend Rhonda Ward, and another couple drank tequila and smoked marijuana, appellant and Ward began "arguing and bickering." Ultimately, Ward and the other couple left appellant afoot at the lake and returned to Amarillo. Somehow, appellant later found his way back to town as well.

An altercation between appellant and Ward ensued at around noon that day. Though, at trial, Ward denied that appellant was at fault and attempted to portray herself as the sole aggressor, officers who responded to the scene observed that Ward was crying hysterically and gasping for breath upon their arrival and had red marks around her neck and blood around her lip. Officers located appellant at another residence. Initially, appellant acted as though he knew nothing of any domestic dispute between himself and Ward. After he learned, however, that he was going to be arrested for assault, he denied playing a role as an aggressor in the altercation and explained to officers that he was, in fact, the victim of an assault by Ward.

Indeed, Ward's testimony at trial can be read as her attempt to portray appellant as not having been at all violent to her. She explained that she did not want to testify and that she just wanted the charges to go away. Perhaps in furtherance of that desire, she testified that she did not remember much of the incident but did recall that she hit appellant with a barbell and jumped on his back, none of which was included in her initial statement to police and none of which appellant described in his account of the altercation. Ward accounted for the differences between her statement at the time of

2

the assault and her testimony at trial by testifying that a friend who had responded to the scene of the altercation had encouraged her to give a statement implicating appellant and by adding that it was the first time anyone had asked her about the altercation in such a way as to allow her to explain that it was her doing, not appellant's.

Officer Bruce Cox, who responded to the scene of the altercation and first responded to Ward shortly after the incident, recounted that Ward told him a very different account of the incident, one in which appellant hit her in the face and choked her to the point that she could not breathe or see. Officer Terry Meck, who first spoke to appellant, testified that, after appellant initially feigned ignorance of the matter altogether, he explained that Ward had kicked him and, in response, he "snap[ped]" and hit her. Appellant denied ever choking Ward or putting his hands on Ward's throat.

Appellant was arrested and charged with assaulting Ward by strangulation. He did not testify at trial. A Potter County jury heard evidence from Ward and the responding officers and found appellant guilty of assault on a family member by strangulation, a third-degree felony. The jury assessed punishment at three years' incarceration. Appellant appeals said conviction and sentence, bringing to this Court one issue for our review: whether he was entitled to a self-defense instruction in the trial court's charge to the jury.

Standard of Review and Applicable Law

When reviewing jury charge error, we first determine if error actually exists in the jury charge and, if we find error, we determine whether it harmed the appellant. See Ngo v. State, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005) (en banc). We review the trial

court's decision not to include a defensive issue in the jury charge for an abuse of discretion. Love v. State, 199 S.W.3d 447, 455 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd); see Garza v. State, 298 S.W.3d 837, 843 (Tex.App.—Amarillo 2009, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (en banc). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. See Casey v. State, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007).

The Texas Penal Code provides that "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011). "The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense." Id. § 2.03(c) (West 2011). For a defendant to be entitled to a self-defense instruction, there must be some evidence, when viewed in the light most favorable to the defendant, which will support the elements of the defense. See Ferrel v. State, 55 S.W.3d 586, 591 (Tex.Crim.App. 2001). A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak and regardless of what the trial court may think about the credibility of the defense. Id. "[A] defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." Shaw v. State, 243 S.W.3d 647, 657–58 (Tex.Crim.App. 2007). More specifically, some evidence relating to appellant's state of

4

mind at the time of the alleged act of self-defense must be adduced at trial in order to submit the issue to the jury. Reed v. State, 703 S.W.2d 380, 384 (Tex.App.—Dallas 1986, pet. ref'd) (per curiam) (observing that section 9.31 "necessarily contemplates that the force used by a defendant must be reasonable as contemplated from the defendant's point of view").

Moreover, self-defense is a justification for one's actions and necessarily requires an admission that the alleged conduct occurred. To rely on self-defense as a justification for his conduct, the defendant must first admit or substantially admit committing the conduct which forms the basis of the indictment; the defense is inconsistent with a denial of the conduct. See East v. State, 76 S.W.3d 736, 738 (Tex.App.—Waco 2002, no pet.) (mem. op.); Kimbrough v. State, 959 S.W.2d 634, 640 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); see also Young v. State, 991 S.W.2d 835, 838 (Tex.Crim.App. 1999) (en banc) (concluding that, in order to assert defensive issue of necessity, defendant must admit conduct charged in indictment). While the defendant need not admit the commission of every statutory element of the offense, he must admit committing the conduct giving rise to the indictment. See Jackson v. State, 110 S.W.3d 626, 631 (Tex.App.—Houston [14th Dist.] 2003, pet. ref'd).

Therefore, "a defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct." Shaw, 243 S.W.3d at 659 (emphasis omitted). That is not to say that a defendant must testify in order to raise a defense. See VanBrackle v. State, 179

S.W.3d 708, 712 (Tex.App.—Austin 2005, no pet.); Boget v. State, 40 S.W.3d 624, 626 (Tex.App.—San Antonio 2001), aff'd, 74 S.W.3d 23 (Tex.Crim.App. 2002). Defensive issues may be raised by the testimony of any witness, even those called by the State. See Jackson, 110 S.W.3d at 631. When reviewing a trial court's decision to deny a requested defensive instruction, "we view the evidence in the light most favorable to the defendant's requested submission." Bufkin v. State, 207 S.W.3d 779, 782 (Tex.Crim.App. 2006). However, "if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue." Ferrel, 55 S.W.3d at 591.

## Analysis

Appellant maintains that the evidence presented at trial raised the issue of self-defense, thereby entitling him to an instruction on the issue. He points to the evidence that, at the time of the incident, he reported to responding officers that Ward assaulted him. He also cites Ward's own testimony that she assaulted appellant. Finally, he directs the Court's attention to photographic evidence which, he claims, shows that he was, in fact, injured. He maintains that he told Officer Meck that Ward kicked him and such an act "caused him to snap"; by this, he claims that he sufficiently admitted the conduct by admitting that he struck Ward. The State responds that appellant never admitted the alleged acts and failed to raise the elements of the defense at any rate because there is no evidence that would go to whether he feared for his safety such that he would be justified in taking such action against Ward, assuming that he did take such action.

6

The evidence comes arguably closest to raising the issue of self-defense when Meck testified that appellant explained that, after Ward kicked him, he "snap[ped]" and struck her. Such evidence, however, does not raise the requisite elements of section 9.31. That is, viewing appellant's account in the required most favorable light, this evidence does not raise the issue whether appellant was justified in striking Ward because he reasonably believed that such force was immediately necessary to protect himself from Ward's use of unlawful force. By appellant's own statements to the officer, Ward completed the act of kicking appellant, which caused him to "snap" and strike her, not in self-defense but seemingly in anger and retaliation for Ward having kicked him.

Such evidence does not raise the issue of whether appellant was justified in using force against Ward when and to the degree he reasonably believed was immediately necessary to protect himself from Ward's use of unlawful force. See TEX. PENAL CODE ANN. § 9.31(a). Again, the record must contain some evidence relating to the appellant's state of mind or some "observable manifestations of appellant's state of mind" at the time of the alleged act of self-defense in order for appellant to be entitled to submission of the self-defense issue to the jury. See Reed, 703 S.W.2d at 385; see also Casel v. State, No. 07-10-00450-CR, 2011 Tex. App. LEXIS 8806, at *10 (Tex.App.—Amarillo Nov. 3, 2011, no pet.) (mem. op., not designated for publication) (concluding that self-defense was not raised by the evidence "[b]ecause there was neither direct evidence of Appellant's state of mind or evidence of an observable manifestation of his state of mind at the time he attacked [the victim]"). And here we have none. To the contrary, the only evidence even remotely touching on appellant's state of mind is his own admission to Meck at the time of the altercation, indicating that

Ward's kicking him "caused him to snap" and strike her. Self-defense is not to be confused with retaliation. Cf. Daisy v. State, No. 05-01-01791-CR, 2002 Tex. App. LEXIS 8117, at *7 (Tex.App.—Dallas Nov. 15, 2002, no pet.) (concluding that, even taking alleged victim's testimony of altercation as true—though entirely contrary to the statement she gave to police at the time of altercation, "it describes only an angry response to provocation, not a justified response to imminent harm").[2]

In sum, the record contains no evidence that appellant used force against Ward only because he reasonably believed it was immediately necessary to prevent Ward's use of unlawful force against him. He was, therefore, not entitled to a self-defense instruction, and the trial court did not abuse its discretion by refusing to include one in its charge to the jury. We overrule his sole point of error.

Before disposing of this appeal, however, we call attention to the fact that the trial court's judgment in the record before us reflects that appellant entered a plea of guilty, but the court reporter's record demonstrates that appellant pleaded not guilty to the indictment. The judgment also reflects in its heading that appellant waived his right to a jury trial, which according to the record before us is also inaccurate. Additionally, the judgment indicates terms of a plea bargain, which, according to the remainder of the

_____

[2] Ward testified that she may have hit appellant with a barbell, but Meck's testimony of appellant's account of the incident made no mention of that development. Indeed, Ward testified that she was the sole aggressor and, though she at some points inadvertently intimates that appellant did assault her in some undefined manner and claims that she does not remember most of the incident, she denies that appellant struck her or choked her. Nonetheless, despite Ward's testimony and even viewing her rather inconsistent account of the altercation in a light most favorable to the submission of the self-defense issue, there is likewise nothing in her testimony that appellant used force against her because he reasonably believed such force was necessary to protect himself from her unlawful use of force.

record, are inapplicable to this case. This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention from any source. French v. State, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992) (en banc); see TEX. R. APP. P. 43.2(b). An appellate court may correct the judgment on appeal when it has the necessary data and evidence before it for doing so. See Banks v. State, 708 S.W.2d 460, 462 (Tex.Crim.App. 1986). Therefore, we hereby modify the trial court's judgment of conviction to reflect that appellant pleaded not guilty to the charges against him and that appellant was convicted of said charges on a jury's verdict. We further modify the judgment to delete any reference to terms of a plea bargain.

## Conclusion

Having overruled appellant's sole point of error and having modified the judgment to reflect appellant's plea of not guilty and the exercise of his right to trial by jury, we affirm the trial court's judgment of conviction as so modified.

Mackey K. Hancock
Justice

Do not publish.